# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER NATHAN CALDWELL,** ) | | Civil Case No. 7:12cv00221 |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | **MEMORANDUM OPINION** |
| ) | | |
| **SHERIFF OCTAVIA JOHNSON,** *et al.*, ) | | By: Norman K. Moon |
| Defendants. ) | | United States District Judge |

Christopher Nathan Caldwell, an inmate proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against Sheriff Octavia Johnson and the Roanoke City Jail alleging that some of his mail is not being processed. The court finds that the Roanoke City Jail is not a proper defendant to a § 1983 action and that Caldwell has failed to allege any facts against Sheriff Johnson. Accordingly, the court dismisses Caldwell's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Caldwell alleges that his "mail is not being given to [him] and is not being sent out all the time when [he] put[s] it out to go out and everyone [he] ha[s] talked to has done nothing about it. Also, [his] mail [that his] girlfriend has been sending [to him] has been returned to her saying [that Caldwell is] not in the jail." Caldwell does not specify any claim for relief. According to a grievance response which Caldwell attaches to his complaint, Ms. Trials, who is employed at the Roanoke City Jail, has mailed ten letters on Caldwell's behalf since February 28, 2012. The response also indicates that "[t]hese [ten letters] are all the letters [Ms. Trials] has received from [Caldwell]. The only reason a letter would not be sent out is if [Caldwell] did not put a proper return address on it and [Ms. Trials] was unable to determine who was sending out the letter."

## II.

Caldwell names the Roanoke City Jail and Sheriff Octavia Johnson as defendants to this action; however, he alleges no facts against any named defendant. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As Roanoke City Jail is not a "person" subject to suit under § 1983, Caldwell cannot maintain his action against the defendant jail. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Further, as he has not alleged any facts against Sheriff Johnson, his action has failed to state a constitutional claim against Johnson.

## III.

For the reasons stated, the court dismisses Caldwell's § 1983 action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER: This 29th day of May, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE